## JULIUS L. ADAMS *v.* RHOADES COLE.

A general agent or clerk employed to make sales of goods and require pay-
ment therefor, who obtains payment of false bills by fraud or deceit,—*Held,*
as acting within the scope of his employment, and his principal is liable for
the amount thus obtained; especially where there is some evidence, how-
ever slight, that the agent paid the sum collected to his employer.

APPEAL by the defendant from a judgment of the First
District Court.

The action was brought to recover the sum of $76 05, paid.
by the plaintiff to the defendant on the false representations of
the defendant's agent. One Gould was the general agent of the
defendant for selling salt, making out and collecting bills, &c.
The plaintiff bought a bill of salt of the defendant on the 10th
day of April, 1858, amounting to $76 05, which was paid by
the plaintiff's clerk, on the 28th of May following. It is
alleged that one James Gould went to the plaintiff's store with
a bill for the same amount, which the plaintiff's clerk paid,
and for which Gould gave a receipt.

On the trial, the plaintiff and other witnesses swore that
Gould had since seen his receipt given on the second payment,
and had admitted that it was in his handwriting. Gould de-
nied having received the money, but stated that he never col-
lected anything from the plaintiff which he had not paid over
to the defendant.

Judgment was rendered for plaintiff, and the defendant
appealed.

BY THE COURT.—HILTON, J.—Gould was the general agent
or clerk of the defendant, to make sales of goods and receive
payment therefor, and for any deliberate fraud or deceit prac-
ticed by Gould within the scope of his employment, the defen-
dant was liable, upon the ground stated by Lord Ch. J. Holt,
in *Hern v. Nichells* (1 Salk. 289), that as some one must be a
loser by the deceit, it is more reasonable that he who employs

and confides in the deceiver should be the loser than a stranger. Smith's Mercantile Law, 182; *Taylor* v. *Green*, 8 Carr. & P. 316.

But it is unnecessary to place our decision of the present case on this principle, as there was some evidence before the justice to show that Gould paid over to the defendant the money received by him from the plaintiff, on June 4th, 1858. We must, therefore, assume that the justice found such to be the fact, and as there cannot be a doubt from the testimony that this money was paid to Gould by the plaintiff, under mistake of fact, in respect to which both parties were equally bound to be informed, it follows that the judgment given was right, and should be affirmed. *Canal Bank* v. *Bank of Albany*, 1 Hill, 287; *Bank of Commerce* v. *Union Bank*, 3 N. Y. 230.

Judgment affirmed.